SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-16-1005

|  |  |
|---|---|
| | **Opinion Delivered** March 1, 2017 |
| TERRY MEREDITH | |
| APPELLANT | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. 71JV-15-10] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | HONORABLE TROY B. BRASWELL, JR., JUDGE |
| APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Judge

Terry Meredith appeals the termination of her parental rights to her child, J.M.[1] She argues that the termination was not in her child's best interest. We affirm the circuit court's decision.

### I.

In April 2015, the Van Buren County Circuit Court adjudicated J.M. dependent neglected by the parties' stipulation. Five-month-old J.M. remained in foster care, and the case goal remained reunification with Terry. The circuit court held a permanency-planning hearing in February 2016 and found that the Arkansas Department of Human Services (DHS) had offered reunification services throughout the case. Those services included: foster home, board payments, relative home study, home visits, supervised visitation,

---

[1] Terry has other children, but they are not involved in this appeal.

transportation, referral for counseling, drug-and-alcohol assessment, drug treatment, psychological evaluation, housing assistance, NA/AA referral, parenting classes, paternity testing, case management, medical services, dental services, and foster home visits. The court changed the case-plan goal to adoption after finding that Terry was speaking "very quickly and incoherently" when she testified during the permanency-planning hearing, and a drug test given at court that day was positive for amphetamines, methamphetamine, and MDMA. Terry had failed to comply with the court's previous orders to attend inpatient drug rehabilitation, to maintain contact with DHS, and to complete parenting classes. Terry also attended only nine visits with J.M. in the eleven months that the case had been opened. In March 2016 DHS filed a petition to terminate Terry's parental rights.

The court held a hearing on the petition in June 2016, during which DHS introduced the prior orders entered in the case, two case plans, and Terry's drug screens. The evidence showed that, while Terry had some periods of sobriety, there were many periods where she was not. Terry testified that part of the delay in entering and completing drug rehabilitation was finding an appropriate facility that could treat both the substance abuse and her mental health. Following the permanency-planning hearing, Terry completed a drug-rehabilitation program and had achieved over sixty days of sobriety when the termination hearing was held. She also began consistently visiting J.M. after her release from the inpatient program. Terry started working at Taco Bell about three weeks before the termination hearing, received Social-Security disability benefits, had a home, and had a fiancé who assisted her with bills.

Caseworker Jennifer Carroll testified that Terry had been arrested and charged with drug-related offenses and had tested positive for methamphetamine throughout the case. In Carroll's opinion, there was little likelihood that giving Terry three more months would result in a successful reunification with J.M. She testified that Terry had not maintained stable or appropriate housing and that Terry had not demonstrated an improved ability to parent or keep J.M. safe. Carroll said that J.M.'s foster parents would like to adopt him, that J.M. does not have any physical or mental deficiencies preventing him from being adopted, and that he was in an appropriate placement.

J.M.'s foster parent testified that J.M. was "absolutely" part of the family and that he was "committed" to adopting him.

The circuit court terminated Terry's parental rights to J.M. in August 2016. Terry has appealed that order.

## II.

We review termination-of-parental-rights cases de novo. *Cheney v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. But we will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, we give due deference to the opportunity of the circuit court to assess the witnesses' credibility. *Id.*

A circuit court's order that terminates parental rights must be based on clear and convincing evidence. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286

(2001). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction that the allegation has been established. *Pratt v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261. Proof of only one statutory ground is sufficient to terminate parental rights. *Gossett v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 240, 374 S.W.3d 205. A circuit court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i)–(ii).

As we said earlier, Terry challenges only the circuit court's best-interest determination. She argues that the progress she made "was worth putting off the termination decision" for a few weeks and asks us to reverse so "the circuit court [may] fully consider Terry's progress at abstaining from drugs." In her view, the evidence did not sufficiently establish that she continued to pose a risk of harm to J.M. because she is now sober. Terry does not contest that J.M. is adoptable.

In this case, the circuit court found that J.M. would be at a substantial risk of serious harm if he were returned to Terry because of her "drug use and instability."

> Terry has a very serious drug problem that has persisted throughout the case. Terry was visibly impaired and tested for meth at her permanency planning hearing. Terry never obtained housing, and spent most of her time drifting from one place to another while her child remained in foster care. [J.M.] would be at risk of neglect that would endanger his health and safety if returned to his mother.

The circuit court must consider a parent's compliance during the entire dependency-neglect case and the evidence presented at the termination hearing in deciding whether

termination is in the child's best interest. Ark. Code Ann. § 9-27-341(a)(4)(B). Here, the circuit court was permitted to weigh Terry's progress toward sobriety—which occurred after the permanency-planning hearing—against the long periods of instability and drug use during the case's course. The court could have given Terry more time, but it chose not to. We defer to the circuit court's assessment of the potential harm J.M. faced if returned to his mother's custody. On the whole, we hold that the court's best-interest determination was not clearly erroneous and affirm the termination of Terry's parental rights.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.